# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 27, 2025

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1847**

**STATE OF WISCONSIN**

Cir. Ct. No. **2024SC114**

**IN COURT OF APPEALS
DISTRICT IV**

GARRICK GRISWOLD,

    PLAINTIFF-APPELLANT,

V.

JANINE TRACY,

    DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Iowa County: LISA A. RINIKER, Judge. *Affirmed*.

¶1 GRAHAM, J.[1] Garrick Griswold appeals a small claims judgment in his favor, challenging a circuit court order that denied some of the costs and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

disbursements that he requested pursuant to WIS. STAT. §§ 799.25 and 814.02. I reject Griswold's arguments and affirm.[2]

¶2    Griswold had a dispute with Janine Tracy about whether Griswold was entitled to payment related to repairs that Griswold made to Tracy's RV. Griswold filed a small claims action against Tracy, and Tracy counterclaimed. The case proceeded to a jury trial, with the jury finding that both parties breached the contract and awarding Griswold damages in the amount of unpaid invoices, approximately $213. Griswold then filed multiple motions seeking costs and disbursements pursuant to WIS. STAT. §§ 799.25 and 814.04(2). The items of costs that Griswold requested included, among other things, a $106.50 "expert witness fee" related to testimony provided by Griswold's father and $52.65 in photocopying and postage costs.

¶3    The circuit court entered an order that granted some of the requested costs and denied others. Among other things, the court determined that Griswold was entitled to a $16 witness fee and travel expenses of $12, both pertaining to the role that Griswold's father played as a trial witness. However, the court declined to tax Tracy for the expert witness fee because, the court explained, Griswold's father was a lay witness, and his testimony did not qualify as expert testimony under WIS. STAT. § 907.02(1). The court also declined to tax the photocopying fees because it determined that the itemized list of photocopied documents that Griswold provided was overbroad and unreasonable.

---

[2] In her response brief, Janine Tracy argues that the jury reached the wrong verdict. However, Tracy did not timely cross-appeal the judgment, and this omission precludes my review of the sufficiency of the trial evidence to sustain the verdict. *See* WIS. STAT. § 809.10(1)(e) ("The filing of a timely notice of appeal is necessary to give the court jurisdiction over the appeal.").

¶4    On appeal, Griswold's primary argument is that the circuit court did not have jurisdiction or competency to issue a decision on his motions for costs. Rather, he argues, it was the exclusive role of the clerk of courts to decide the motions pursuant to WIS. STAT. §§ 799.25 and 814.04.

¶5    I reject Griswold's argument because it is contrary to the language of the statutes on which he relies. It is true that WIS. STAT. § 799.25 provides that "[t]he *clerk* shall without notice to the parties tax and insert [certain costs] in the judgment …." (Emphasis added.) However, Chapter 814 addresses the expert witness and copying fees that are the subject of Griswold's appeal, and § 799.25(13) specifically provides that "[t]he *court* may permit additional costs and disbursements to be taxed pursuant to [WIS. STAT.] ch. 814." (Emphasis added.) Thus, the statutes plainly give the circuit court a role in deciding whether to tax those disbursements as costs.

¶6    Griswold may also be arguing that, even if the decision was for the circuit court to make, the court did not have discretion to deny any of the costs he requested. I reject this argument for two reasons. First, Griswold has explicitly acknowledged that the court has discretion to determine the amount of costs based on whether any particular disbursement is necessary. In the brief that he filed with the court, Griswold argued:

> While WIS. STAT. § 814.04(2) enumerates the types of disbursements that may be taxed as costs, it "does not constrain the circuit court's exercise of discretion in determining the amount of costs." *Aspen Servs., Inc. v. IT Corp.*, 220 Wis. 2d 491, 511, 583 N.W.2d 849 (Ct. App. 1998).
>
> Specifically, a court has discretion to determine whether a particular disbursement was "necessary," as required by § 814.04(2).

Second, the statutes plainly give the court discretion to decline to tax items as costs under certain circumstances. *See, e.g.*, WIS. STAT. § 814.035(2) ("When the causes of action stated in the complaint and counterclaim and cross complaint arose out of the same transaction or occurrence, costs in favor of the successful party … shall be in the discretion of the court."). And here, as stated, the court exercised its discretion by determining that Griswold was not entitled to an expert witness fee because his father did not serve as an expert witness, and that any disbursements for photocopying were unnecessary under the circumstances.

¶7      Griswold takes issue with the circuit court's exercise of discretion in determining that his father did not provide expert testimony. Yet, his appellate briefs do not cite, much less address, WIS. STAT. § 907.02, which is the statute that pertains to expert testimony and was the focus of the court's exercise of discretion. The court essentially determined that, regardless of whether Griswold's father might or might not be considered an expert on some issues, the dispute was about whether Griswold's bills were appropriate, and Griswold's father's testimony on that topic was not "scientific, technical, or other specialized knowledge" that was required to assist the jury in resolving that dispute. *See id.* Griswold does not develop an argument that shows that the court's determination under § 907.02 was erroneous.

¶8      Finally, Griswold may be arguing that the circuit court was required by due process to hold a hearing on the decision to award costs. If Griswold is making that argument, I reject it for two reasons. First, Griswold submitted his proof of costs by affidavit and did not ask the court to hold a hearing. Second, Griswold does not cite any law that provides that a hearing is required. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (a court need

4

not consider arguments that are unsupported by legal citations or are otherwise undeveloped).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.